**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMIE LOWE,

        Plaintiff,

v.

ANGELO'S ITALIAN FOODS, INC.,

        Defendant-Appellee-
        Cross-Appellant.

---

PAUL ARABIA,

        Movant-Appellant-
        Cross-Appellee.

Nos.  00-3108 & 00-3120
(D.C. No. 93-CV-1233-JTR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

Movant-appellant and cross-appellee Paul Arabia appeals a magistrate judge's ruling on his claim for attorney fees against his former client, defendant-appellee and cross-appellant Angelo's Italian Foods, Inc.  The ruling denied Arabia's claim for payment and ordered him to refund part of the attorney fees Angelo's had previously paid.

We first address Angelo's' jurisdictional challenge to this appeal.  It claims Arabia's notice of appeal, filed April 12, 2000, was too late because the district court denied his motion to reconsider on February 16, 2000, more than thirty days before the notice of appeal was filed.  Fed. R. App. P. 4(a)(1)(A).  Arabia's notice of appeal, filed within thirty days of the March 15, 2000 entry of judgment, however, was timely.   Rule 4(a)(1)(A), (7); Fed. R. Civ. P. 58.  Thus this court has jurisdiction, and Angelo's' motion to dismiss the appeal is denied.

Arabia has filed a motion to strike Angelo's' supplemental appendix.  Although the supplemental appendix is irrelevant to the matters before this court, Angelo's is entitled to file it.    See Fed. R. App. P. 10(a)(1) (record on appeal to include "original papers and exhibits filed in the district court");      but see  10th Cir. R. 10.3(A) ("Only essential parts of the district court record should be designated

for the record on appeal."). Therefore, the motion to strike the supplemental appendix is denied.

Turning to the merits, the underlying undisputed facts are as follows. In 1993, Angelo's and Arabia entered into a contract for Arabia to represent Angelo's in a case filed against Angelo's under the Americans with Disabilities Act. Arabia produced records for billings from June 25, 1993 to May 31, 1994, when his motion to withdraw as counsel was granted by the district court. Angelo's paid several thousand dollars to Arabia for attorney fees, but eventually disputed the fees already paid and those Arabia sought to collect.

After a hearing at which expert testimony was received, and after considering written submissions, the magistrate judge found that Arabia did not have the necessary experience in the area of employment law or the ADA to charge a premium hourly rate, even though the rate charged was the rate set in the 1993 contract. The magistrate judge further found that the number of hours charged was unreasonable. Consequently, Arabia's claim for payment in full was denied, and he was ordered to reimburse Angelo's for part of the fee already paid.

On appeal, Arabia claims (1) in evaluating his attorney fee claim, the magistrate judge erred when he applied the legal standards applicable in fee-shifting situations, rather than those applicable to a contract for attorney fees; (2) the magistrate judge improperly made a general reduction in the fee, rather

than identifying specific charges that were unreasonable; (3) the fee reduction was overly harsh; and (4) the magistrate judge should have enforced the contract for attorney fees. In its cross appeal, Angelo's argues that the magistrate judge should have reduced Arabia's fee even more, based on the expert testimony.

Although Arabia argues for a more stringent standard of review, we will review the magistrate judge's ruling for an abuse of discretion. Garrick v. Weaver, 888 F.2d 687, 690 (10th Cir. 1989) (review of attorney fees awarded pursuant to contingency fee agreement). The parties do not challenge the magistrate judge's decision to apply the Kansas Rules of Professional Conduct. See D. Kan. Rule 83.6.1(a) (adopting Kansas Rules of Professional Conduct). Rule 1.5(e) provides,

> [u]pon application by the client, all fee contracts shall be subject to review and approval by the appropriate court having jurisdiction of the matter and the court shall have the authority to determine whether the contract is reasonable. If the court finds the contract is not reasonable, it shall set and allow a reasonable fee.

Rule 1.5 lists eight factors to be considered in evaluating the reasonableness of an attorney fee, see City of Wichita v. B G Prods., Inc., 845 P.2d 649, 654 (Kan. 1993), which were applied here by the magistrate judge.

The district court must provide a "concise but clear explanation" of its reasons for any adjustments to the fee award. Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1201 (10th Cir. 1986) (quoting Hensley v. Eckerhart, 461 U.S.

424, 437 (1983) ). Although a reasonable attorney fee is generally determined by applying an hourly rate to the number of hours worked, it may be appropriate for a judge to make a general adjustment in an attorney fee where the reasons are clear. Cf. United Phosphorus, Ltd. v. Midland Fumigant, Inc. , 205 F.3d 1219, 1233 (10th Cir. 2000) (no abuse of discretion for reduction of attorney fees by 20% for time spent on claims for which party not entitled to attorney fees); Hensley , 461 U.S. at 436-37 ("no precise rule or formula" required for determining attorney fee awarded to prevailing party; district court "may attempt to identify specific hours [to eliminate], or it may simply reduce the award"); Case v. Unified Sch. Dist. No. 233 , 157 F.3d 1243, 1250 (10th Cir. 1998) (general reduction of attorney fees to prevailing party not erroneous where sufficient reasons given). Disputes over attorney fees "'should not result in a second major litigation.'" Ellis v. Univ. of Kan. Med. Ctr. , 163 F.3d 1186, 1202 (10th Cir. 1999) (quoting Hensley , 461 U.S. at 437).

Here, the magistrate judge's memorandum and order clearly and fully explained the reasons for reducing Arabia's fee, incorporating the expert evidence. We have thoroughly reviewed the parties' briefs, the record, the magistrate judge's orders, and the applicable law. Based on our review, we find no abuse of discretion in the magistrate judge's ruling.

Angelo's' motion to dismiss is denied.  Arabia's motion to strike the supplemental appendix submitted by Angelo's is denied.  The judgment of the United States District Court for the District of Kansas is AFFIRMED.


                                        Entered for the Court


                                        Paul J. Kelly, Jr.
                                        Circuit Judge